**SERVICE EMPLOYEES IN-TERNATIONAL UNION, AFL–CIO, Plaintiff,**

v.

**GENERAL SERVICES ADMINISTRATION et al., Defendants.**

Civ. A. No. 91–1628 (CRR).

United States District Court, District of Columbia Circuit.

Aug. 13, 1993.

Orrin Baird and Jonathan P. Hiatt, Service Employees Intern. Union, AFL–CIO, for plaintiff.

Daniel J. Standish, Asst. U.S. Atty., with J. Ramsey Johnson, U.S. Atty. and John D. Bates, Asst. U.S. Atty., for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

### I. *INTRODUCTION*

The Plaintiff Service Employees International Union, AFL–CIO, brings this action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*, alleging that the Defendant General Services Administration's ("GSA") regulation published at 57 Fed.Reg. 22664–68 (1992) is unlawful.

Before the Court is the Defendants' Motion for Summary Judgment and the Plaintiff's Motion for Summary Judgment.[1] After

---

1. The Plaintiff brought this action to challenge an earlier regulation, which was replaced by the current regulation in June 1992. *See* Amended Complaint. The Motions currently before the Court only concern the current regulation. As the Plaintiff states that resolution of its challenge to the current regulation "will probably be dispositive of the plaintiff's challenge to the [prior] regulation," Plaintiff's Memorandum in Support of its Motion, at 2, the Court's Opinion today need not address the earlier regulation.

carefully considering the parties' Motions for Summary Judgment, the supporting and opposing memoranda, the underlying law, and the entire record in this case, the Court concludes that there is no material issue of fact in dispute precluding the entry of Summary Judgment and that the regulation at issue is arbitrary, capricious, and contrary to law under the APA. Accordingly, the Court shall grant the Plaintiff's Motion for Summary Judgment, and shall deny the Defendants' Motion for Summary Judgment.

## II. BACKGROUND

 The Service Contract Act ("Act") is a labor standards statute for service contracts that "regulates the contractual relationship between companies that provide services to the United States and their employees." *A to Z Maintenance Corp. v. Dole,* 710 F.Supp. 853 (D.D.C.1989) (Richey, J.). It provides that contracts must contain, *inter alia,* provisions specifying the minimum wage and fringe benefits to be paid to various classes of service employees by contractors. 41 U.S.C. § 351(a)(1) and (2). Under the Act, the Secretary of Labor determines the appropriate minimum wage and fringe benefit for employees based upon the prevailing rate for such employees in the locality. 41 U.S.C. § 351(a).

The Act also provides that, after a hearing, the Secretary of Labor may determine that the collectively bargained wage and fringe benefits in a particular service contract are substantially at variance with the prevailing wage and fringe benefits in the locality or are not the result of arms length negotiations. *See* 41 U.S.C. § 353(c).[2] In that event, the Secretary shall order that the wages and fringe benefits in the service contract at issue be changed to conform with the rates in the locality, as determined by the Secretary. 29 C.F.R. § 4.1b(a) (1992).

The Secretary of Labor has issued a variety of regulations pursuant to his or her authority under the Act. These regulations are included in Federal Acquisition Regulations ("FAR"). *See* 48 C.F.R. Subpart 1.1 (1992). Under the FAR, individual agencies may also promulgate regulations related to its own unique contracting needs, so long as the agency's regulations are consistent with the Act and the FAR.

The Plaintiff in this case challenges a GSA regulation promulgated under the FAR. The regulation provides that contractors must retroactively reimburse GSA for any wage or fringe benefit increases paid by GSA which are later determined by the Secretary to be at substantial variance with the prevailing wage and fringe benefits in the area or which have not been arrived at in arms length negotiations. 57 Fed.Reg. 22664–68 (1992), 48 C.F.R. § 552.222–43 (Alternate I) (1992). The regulation applies to all multiple year contracts and contracts with options. *Id.*

The Plaintiff contends that this regulation is arbitrary, capricious and contrary to law under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and requests declaratory and injunctive relief as well as monetary damages.[3]

### III. THE PLAINTIFF HAS STANDING TO CHALLENGE THIS REGULATION BECAUSE THE ADMINISTRATIVE RECORD MAKES CLEAR THAT THE REGULATION WILL HAVE A NEGATIVE IMPACT ON THE WAGES AND FRINGE BENEFITS OF THE PLAINTIFF UNION MEMBERS.

 The Defendants contend that the Plaintiff lacks standing to bring this action. The Court does not agree. For purposes of standing, a plaintiff must allege 1) a "personal injury" that is; 2) "fairly traceable to the defendant's allegedly unlawful conduct;" and 3) which is "likely to be redressed by the

---

**2.** The limitations upon wage and fringe benefits apply to a contractor or subcontractor under a contract which succeeds a contract subject to the Act. 41 U.S.C. § 353(c).

**3.** Under the APA, the reviewing court shall "compel [agency] action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary and capricious, an abuse of discretion, or not otherwise in accordance with the law." 5 U.S.C. § 706(2)(A).

requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). It is undisputed that the regulation here is designed as a cost savings measure designed as an incentive for "effective negotiations" between service unions and federal contractors. Exh. 40, 57 Fed.Reg. 22665 (1992). While the Defendants contend that nothing in the regulation will affect a contractor's obligation to his employees under a collective bargaining agreement, *id.*, any cost savings under the regulation can only be achieved at the expense of the union members whose wages and fringe benefits will be reduced by virtue of the regulation. Thus, there is a "distinct and palpable injury" that is "fairly traceable" to the regulation challenged here. *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 73, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978). The mere fact that causality may depend to some extent of the actions of a third party, in this case, the service contractors, is not a bar to standing. *See International Ladies Garment Workers Union v. Donovan*, 722 F.2d 795, 810–811 (D.C.Cir. 1983).

## IV. *THE REGULATION CHALLENGED HERE IS INVALID BECAUSE IT IS CONTRARY TO THE REGULATION PROMULGATED BY THE SECRETARY OF LABOR.*

### A. The regulation challenged here is contrary to the Secretary of Labor's expressed pronouncement that a new wage determination should apply prospectively.

■ The Secretary of Labor is given the authority to interpret and enforce the Act. *See* 41 U.S.C. § 353; *Marine Transport Lines, Inc. v. Lehman*, 623 F.Supp. 330, 335 (D.D.C.1985). The Secretary's interpretation of the Act has controlling weight unless plainly erroneous or inconsistent with the Act. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). Therefore, the Court must first determine whether GSA's regulation providing for the retroactive application of wage and fringe benefits is contrary to the Act as interpreted by the Secretary.

The current regulations issued by the Secretary of Labor state that:

[t]he legislative history of the 1972 Amendments [to the Act] makes clear that the collectively bargained "wages and fringe benefits shall continue to be honored ... unless and until the Secretary finds, after a hearing, that such wages and fringe benefits are substantially at variance with those prevailing in the locality for like services" (S.Rept. 920–1131, 92nd Cong., 2d Sess. 5). Thus, *variance decisions do not have application retroactive to the commencement of the contract.*

29 C.F.R. § 4.163(c) (1992) (emphasis added). The Secretary has also noted that:

it is the Department's view that retroactive wage determinations, as suggested by the agencies and as practiced by the Department in the past in some circumstances, are not consistent with the Act. It is also our view that a uniform rule (unlike that observed in the past) is appropriate, and that neither the contractor nor the workers would be penalized by the retroactive application of the new wage determination.

48 Fed.Reg. 49736, 49737 (1983).

The Defendants claim that the Secretary has not actually spoken to the particular issue addressed in the GSA regulation. More specifically, the Defendants claim that the Secretary's statements regarding retroactivity concern the payment of wages and fringe benefits by employers to workers, whereas the GSA regulation concerns a contractor's obligation to repay the government for wages or fringe benefits struck down by the Secretary. Thus, the Defendants claim that GSA's regulation is proper as a "matter of procurement policy which is within the authority of GSA." Exhibit 40, 57 Fed.Reg. 22665 (1992).

The Court does not agree. The plain language of the Secretary's statements above clearly mandates that the Secretary's wage and fringe benefit determination does "not have application retroactive to the commencement of the contract." 29 C.F.R. § 4.163(c). Furthermore, the Secretary does not drawn any distinction between retroactivity regarding employees and contractors. In

fact, the Secretary explicitly states that "neither the contractor nor the worker should be penalized for retroactive application" of a wage and fringe benefit determination. 48 Fed.Reg. 49736, 49737 (1983). The Defendants can point to no authority in the Act or the FAR in support of its regulation that would allow it to ignore the Secretary's pronouncements above concerning retroactivity.

Furthermore, the effect of the regulation, contrary to the description of it given by the agency, illustrates that there is a conflict between the Secretary's position and GSA's regulation. *See Motor Coach Employees v. Lockridge,* 403 U.S. 274, 292, 91 S.Ct. 1909, 1920, 29 L.Ed.2d 473 (1971) ("It is the conduct being regulated, not the formal description of governing legal standard, that is the proper focus of concern.") By disallowing certain wage and benefit provisions in a service contract and giving that decision retroactive effect, the regulation will inevitably alter the wage and fringe benefits of employees. While such a result may not be the primary thrust of the regulation, it is certainly an inevitable and foreseeable consequence. Under these circumstances, the Court cannot conclude that the regulation is simply a procurement policy that has no effect on the wages or fringe benefits of service contract employees.

■ Therefore, in light of the Secretary's clear and unambiguous position against retroactivity of wage and fringe benefit determinations, the Court concludes that GSA's regulation is contrary to the policy articulated by the Secretary of Labor and thus violates the APA.

**B. The Regulation challenged here is contrary to the FAR's complete pass through provision.**

■ The FAR requires that multiple year and option federal contracts contain a clause providing that the contract price will be adjusted to reflect a contractor's increase or decrease in the wages required by the Act ("pass through provision"). 48 C.F.R. §§ 22.1006(c)(1) and 52.222–43(d)(2) (1992). An agency may use another clause instead of the pass through provision if it accomplishes the same purpose. 48 C.F.R. § 22.1006(c) (1992).

GSA issued the regulation here in lieu of the pass through provision. The Court agrees with the Plaintiff that the GSA's regulation here is impermissible because it does not accomplish the same purposes as the pass through provision. The pass through provision shifts *all* wage and fringe benefits increases from the contractor to the government. Therefore, if a wage and fringe benefit provision is invalidated by the Secretary, any change in cost, negative or positive, is passed onto the government. On the other hand, the GSA regulation would not pass those costs onto the government because wage and fringe benefits already paid would be recouped from the service contractor. Therefore, under the GSA regulation, the amount a contractor might pay in wages and fringe benefits might differ from the amount the government would pay in the same contract for the same services. Such a possibility is contrary to the FAR's complete pass through provision.

Furthermore, the purpose of the FAR pass through clause is to avoid the situation where contractors include contingencies in their bids because they were concerned about possible future wage increases. *In Re: IBI Security Service Inc.,* 69 Comp.Gen. 707, 1990 WL 293734 (1990), Exh. 4. The Defendants note that the regulation provides that "[n]othing in this clause shall be construed to modify a Contractor's obligation under a collective bargaining agreement." Exh. 40; 57 Fed.Reg. at 22665 (1992). Therefore, the GSA regulation here will encourage unionized service contractors to include contingencies in their bids to account for the uncertainty in wage and fringe benefit rates caused by the GSA regulation. Therefore, the GSA regulation here is also contrary to the policy behind the pass through provision.

**C. The regulation challenged here is not designed to address a specific need of GSA and therefore, is not properly promulgated under the FAR.**

■ Under the FAR, agency acquisitions regulations *shall* be limited to those:

necessary to implement FAR policies within the agencies [and] to supplement the FAR to satisfy the specific need of the agency.

48 C.F.R. § 1.302 (1992). The Court has already concluded above that the regulation here does not implement the FAR's policies within GSA. In addition, the Plaintiff argues, and the Court agrees, that the regulation is not designed to "satisfy the *specific need of the agency*," and thus the regulation is not proper under the Act and the FAR. *Id.* (emphasis added). It is undisputed that the rationale behind the GSA regulation is cost savings. However, the Defendants do not explain nor does the Administrative Record show how this need for cost savings is specific or unique to GSA. While the Court is sympathetic to a government agency's desire to save money, it cannot allow this purported rationale to excuse its compliance with the law.[4]

### V. THE REGULATION CHALLENGED HERE IS NOT ADEQUATELY SUPPORTED BY THE ADMINISTRATIVE RECORD.

■ Finally, the Court concludes that GSA's promulgation of this regulation is arbitrary and capricious under the APA because the regulation is not adequately supported in the administrative record. The Defendants maintain that this regulation is necessary because:

[c]ontractors that negotiate with collective bargaining units that only involve employees working on Government contracts have no meaningful incentive for effective negotiations if the contractor knows that the government will automatically increase the contract price to cover any resulting labor cost increases.

Exh. 40, 57 Fed.Reg. 22665 (1992). However, other than conclusory statements, the Defendants do not include *any* evidence to support this contention. Without any such evidence, it is impossible for the Court to make any rational determination as to whether the agency regulation here is arbitrary and capricious. Such unsubstantiated assumptions are insufficient justification and rational to support the GSA's promulgation of this regulation. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983) (agency must have examined the relevant data and articulated a satisfactory explanation between the facts found and the choices made).

### VI. CONCLUSION

For all the reasons previously stated, the Plaintiff's Motion for Summary Judgment shall be granted and the Defendants' Motion for Summary Judgment shall be denied. The Court concludes that the General Services Administration's regulation at 57 Fed.Reg. 22664–68 (1992), which was promulgated under the Federal Acquisition Regulations and Service Contract Act, is arbitrary and capricious and contrary to law in violation of the Administrative Procedures Act. The Court shall issue an Order of even date herewith in accordance with the foregoing Opinion.[5]

### ORDER

Before the Court are the parties' cross Motions for Summary Judgment in the above-captioned case. After careful consideration of the parties' Motions, all the papers filed in this case, and the applicable law, and for the reasons articulated in the Opinion of the Court of even date herewith, it is, by the Court, this 13 day of August, 1993,

---

4. The Plaintiff also objects to the Defendant issuing this regulation as a class deviation to the FAR in accordance with 48 C.F.R. § 1.404, as opposed to promulgating it a permanent regulation. *See* Exh. 14, 57 Fed.Reg. at 22665. Individual agencies may promulgated deviations from the FAR when "necessary to meet the specific need and requirements of the agency." 48 C.F.R. § 1.402. However, deviations cannot be granted where "precluded by law." *Id.* As the Court has determined this regulation to be contrary to law under the APA, it is unnecessary to decide

whether it is promulgated as a class deviation or a permanent GSA regulation.

5. While the Court shall grant the Plaintiff declaratory and injunctive relief, it shall not grant its request for damages as monetary relief is not available under the APA. *See Transohio Savings Bank v. Office of Thrift Supervision,* 967 F.2d 598 (D.C.Cir.1992); *Bowen v. Massachusetts,* 487 U.S. 879, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988).

ORDERED that the Plaintiff's Motion for Summary Judgment shall be, and hereby is, GRANTED; and it is

FURTHER ORDERED that the Defendants' Motion for Summary Judgment shall be, and hereby is, DENIED; and it is

FURTHER ORDERED that the Plaintiff shall have a Declaratory Judgment that the General Services Administration's regulation published at 57 Fed.Reg. 22664–68 (1992) is arbitrary and capricious and contrary to law under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.;* and it is

FURTHER ORDERED that the General Services Administration is enjoined from further use or enforcement of this regulation; and it is;

FURTHER ORDERED that the above-captioned case shall be, and hereby is, DISMISSED from the dockets of this Court.