**AMERICAN MINING CONGRESS, et al., Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants,**

and

**National Wildlife Federation, et al., Defendant-intervenors.**

**Civil Action No. 93–1754 SSH.**

United States District Court, D. Columbia.

April 2, 1997.

---

Albert Jeremiah Beveridge, III, David Gary Isaacs, Thomas Charles Jackson, Virginia Swisshelm Albrecht, Beveridge & Diamond, Washington, DC, for Plaintiffs.

Alice Love Mattice, Environment & Natural Resources Div., Dept. of Justice, Washington, DC, for Army Corps of Engineers.

Howard I. Fox, Sierra Club Legal Defense Fund, Washington, DC, for National Wildlife—intervenor/defendant.

Ronald A. Zumbrun, Pacific Legal Foundation, Washington, DC, for Fairness to Landowners, Pacific Legal Foundation Cmte. Nat'l Assoc. of Flood & Stormwater Mgt.— movant.

Paul Douglas Kamenar, Washington Legal Foundation, Washington, DC, amicus.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This case now is before the Court on defendants' motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), plaintiffs' opposition and supplement thereto, and defendants' reply. The Court also has considered memoranda in opposition to defendants' motion filed by amici: one filed by the National Association of Flood and Stormwater Management, and another by a coalition of the Nationwide Public Projects Coalition, the City of Colorado Springs Colorado, and the New England Water Works Association; Upon careful consideration of the entire record, defendants' motion is denied.

### Background

This action arises from a challenge to a Clean Water Act ("CWA" or the "Act"), 33 U.S.C. § 1344, rule promulgated by the Environmental Protection Agency and the Army Corps of Engineers. Under that rule, which is commonly referred to as the *Tulloch* rule, the agencies considered the "incidental fallback" that accompanies dredging and landclearing activities to be a "discharge" necessitating a permit under § 404 of the Act.[1] 33 C.F.R. § 323.2(d)(1)(iii) and 40 C.F.R. § 232.2(1)(iii).

---

1. Expansive regulatory steps through the years make it appropriate to recall that the underlying statutory objective was simply to control "the discharge of dredged or fill material into the navigable waters [of the United States]." 33 U.S.C. § 1344(a).

Plaintiffs filed the instant action, seeking declaratory and injunctive relief.[2] injunctive relief. In a January 23, 1997, Opinion, 951 F.Supp. 267, the Court concluded "that the *Tulloch* rule exceeds the scope of the agencies' statutory authority and, accordingly, declares it invalid and sets it aside." 951 F.Supp. at 278. In the accompanying Judgment, the Court granted summary judgment to plaintiffs and stated that "the so-called *Tulloch* rule is declared invalid and set aside, and henceforth is not to be applied or enforced by the Corps of Engineers or the Environmental Protection Agency." The government subsequently filed the instant motion, asking the Court to alter or amend the injunctive relief to apply only to plaintiffs.[3]

## Analysis

Federal Rule of Civil Procedure 59(e) permits a court to amend a judgment when a party seeking relief demonstrates that there "is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996) (citations omitted).

The government contends that the specific injunctive relief granted by the Court—i.e., that the "invalid and set aside" rule should no longer be "applied or enforced"—is overbroad because it prohibits any future application of the *Tulloch* rule. The government contends that any relief granted by the Court should be restricted to "plaintiff trade associations and their members as of the date of filing of the complaint and entry of judgment." Defs.' Proposed Order at 1.

The Court rejects defendants' proposal to limit relief solely to members of the plaintiff associations. "When a reviewing court determines that agency regulations are unlawful, the ordinary result is that the rules are vacated—not that their application to the individual petitioners is proscribed." *Harmon v. Thornburgh*, 878 F.2d 484, 495 n. 21 (D.C.Cir.1989), *cert. denied*, 493 U.S. 1056, 110 S.Ct. 865, 107 L.Ed.2d 949 (1990); *see also Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990) (where plaintiff successfully challenges "a rule of broad applicability ... the result is that the rule is invalidated, not simply that the court forbids its application to a particular individual") (Blackmun, J., dissenting but agreeing with the majority's discussion of the APA); *Blue Cross and Blue Shield Ass'n v. Shalala*, 1996 WL 636131 (D.D.C. Aug.27, 1996) (refusing to limit nationwide injunction to plaintiffs). Courts frequently enjoin agencies from enforcing regulations that have been found invalid. *See, e.g., Dimension Fin. Corp. v. Board of Governors of the Fed. Reserve Sys.*, 744 F.2d 1402 (10th Cir.1984) (enjoining the Board from attempting to enforce or implement invalidated regulations), *aff'd*, 474 U.S. 361, 106 S.Ct. 681, 88 L.Ed.2d 691 (1986); *Planned Parenthood Fed'n v. Heckler*, 712 F.2d 650 (D.C.Cir.1983) (affirm-

---

2. The government now asserts that

in their summary judgment motion plaintiffs neither argued for injunctive relief that would apply to non-parties nor presented any evidence to show that without such relief they or their members would suffer irreparable injury. Moreover, in their proposed order submitted with their summary judgment motion ...., plaintiffs sought only a declaratory judgment; they did not seek *any* injunctive relief. Plaintiffs are thus mistaken in implying that the matters raised in this Motion should have been addressed in the Agencies' [cross-motion for summary judgment].

Defs.' Reply at 2–3.

This argument has no merit. Plaintiffs' complaint put the government on clear notice that plaintiffs sought injunctive and declaratory relief. Having stated the relief they sought, plaintiffs did not have the burden of further arguing a point that the government did not contest in its own motion for summary judgment. Moreover, the number and variety of parties appearing as amici and intervenors in this case further signaled to the government the nationwide significance of this litigation. Eight amici filed lengthy briefs. Had the government raised this issue earlier, these amici and other non-parties might have sought to intervene. The government's opposition to the scope of the relief sought by plaintiffs should have been contested with the rest of this action.

3. In effect, defendants would have the Court's Judgment provide—quite incongruously—that the rule "is declared invalid and set aside, but henceforth the [defendants] should feel no limitation on applying it to everyone else."

ing district court's final injunction prohibiting the enforcement of invalidated regulations); *Blue Cross,* 1996 WL 636131; *Service Employees Int'l Union v. General Servs. Admin.,* 830 F.Supp. 5 (D.D.C.1993) (invalidating GSA regulation and enjoining GSA from further use or enforcement of the rule).

Furthermore, where necessary to give prevailing parties the relief to which they are entitled, courts may provide relief that benefits persons who are not parties to a suit. *See Bresgal v. Brock,* 843 F.2d 1163, 1170–71 (9th Cir.1987); *Professional Ass'n of College Educators v. El Paso Community College Dist.,* 730 F.2d 258, 274 (5th Cir. 1984), *cert. denied,* 469 U.S. 881, 105 S.Ct. 248, 83 L.Ed.2d 186 (1984), *Evans v. Harnett County Bd. of Educ.,* 684 F.2d 304, 306 (4th Cir.1982). Here, a broad injunction is necessary to give plaintiffs the relief to which they are entitled. Without such relief, for example, plaintiff members who hire independent contractors who are not freed of the *Tulloch* rule would have to comply with that regulation; similarly, consultant members would be subject to the regulation unless the benefits of the Court's Opinion and Judgment extend to their clients. Moreover, amici would be injured by the regulation, a result that the Court would find unconscionable in light of the government's rather inexplicable delay in contesting the scope of the relief sought by plaintiffs. *See supra* note 2.

Finally, the government has "failed to explain how it could have the authority to enforce an invalid regulation against a similar entity simply because that entity was not part of the litigation." [4] *Blue Cross,* 1996 WL 636131. It contends that it wants to test the Court's ruling in other circuits under the doctrine of administrative nonacquiescence, but, in light of the CWA provision allowing anyone adversely affected by a rule to file suit in this court, 28 U.S.C. § 1391(e) and 5 U.S.C. § 703, it is hard see the fairness of a policy that would grant the benefits of this Court's Opinion and Judgment only to those who can afford to file a separate (and wholly duplicative) suit in the District of Columbia. *See Johnson v. United States Railroad Retirement Bd.,* 969 F.2d 1082, 1093 (D.C.Cir. 1992), *cert. denied,* 507 U.S. 1029, 113 S.Ct. 1842, 123 L.Ed.2d 467 (1993). If the government believes that the Court has misinterpreted the law, the appropriate remedy is congressional action or appellate review. *See id.* at 1092.

Accordingly, it hereby is

ORDERED, that defendants' motion is denied.

---

**4.** Even apart from the Court's conclusion that the agencies exceeded their statutory authority in promulgating the *Tulloch* rule, the Court interprets the rather remarkable White House press release announcing the rule, which stated that "Congress should amend the Clean Water Act to make it consistent with the agencies' rulemaking," in effect as an acknowledgment by the Executive Branch that the rule exceeded permissible statutory bounds. *See* Pls.' Mot. for Summ. J. Ex. I, White House Office on Environmental Policy, "Protecting Americas Wetlands: A Fair, Flexible, and Effective Approach" at 23 (Aug. 24, 1993) (discussed in 951 F.Supp. at 276 n. 20).